**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **KIMBERLY G. HARRIS, Individually and as Next Friend of her Minor Child,** ) ) ) | |
| **Plaintiff,** ) ) | |
| **vs.** ) ) | **Civil Action No. 26-00115-KD-B** |
| **BRIDGESTONE AMERICAS, INC., d/b/a FIRESTONE COMPLETE AUTO CARE; and BRIDGESTONE RETAIL OPERATIONS, LLC,** ) ) ) ) ) | |
| **Defendants.** ) | |

## <u>ORDER</u>

This action is before the Court on the Motion to Dismiss Plaintiff Kimberly G. Harris'

Claim for Loss of Parental Consortium filed by Defendants Bridgestone Americas, Inc., d/b/a

Firestone Complete Auto Care, and Bridgestone Retail Operations, LLC (Defendants) (doc. 3)

and Harris' response (doc. 5). Upon consideration, and for the reasons set forth herein, the

Motion is GRANTED and Count Five is DISMISSED.

I. <u>Background</u>

Plaintiff Harris filed a Complaint in the Circuit Court of Baldwin County, Alabama

alleging claims arising from services she received for her vehicle at the Firestone Auto Care

Center in Daphne, Alabama and injuries to her feet which she incurred while placing her child in

the vehicle (doc. 1, p. 16-23). Harris claimed consumer fraud under the Alabama Deceptive

Trade Practices Act and breach of contract (Counts One and Two) based upon services to her

vehicle. She claimed premises liability and negligence (Counts Three and Four) based upon

injuries to her feet allegedly resulting from Firestones' failing to maintain a hazard free walkway

and/or parking lot and parking her "vehicle in a manner that obstructed access".  She also claimed loss of parental consortium on behalf of her minor child (Count Five).

Defendants removed the action to federal court on basis of diversity jurisdiction (doc. 1). They filed an answer and a motion to dismiss (docs. 2, 3).  Harris filed a response to the motion (doc. 5).

II. Analysis

Defendants move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Count Five (doc. 3). They argue that loss of parental consortium is not a legally cognizable claim under Alabama law, and therefore, Harris failed to state a claim upon which relief can be granted.

In response, Harris "informs the Court" that Defendants' Motion "is due to be granted." (doc. 5).  The Court agrees.  In Patterson v. Hays, 623 So. 2d 1142 (Ala. 1993), the Alabama Supreme Court found that under Alabama law, a child does not have the right to pursue a claim for loss of consortium based on injuries to the parent. Id. at 1146.  See also Alabama Law of Damages § 20:4 (6th ed.) (January 2026 update) ("The child cannot prosecute a loss of consortium claim for injury to the parent.") (citing Patterson, 623 Ala. So. 2d at 1146).

III. Conclusion

Accordingly, the Motion to Dismiss is GRANTED and Count Five is dismissed.

**DONE** and **ORDERED** this 27th day of April 2026.

<u>s / Kristi K. DuBose</u>
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

2