IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KIMBERLY G. HARRIS,               *
                                  *
     Plaintiff,                   *
                                  *
vs.                               * CIVIL ACTION NO. 26-00115-KD-B
                                  *
BRIDGESTONE AMERICAS, INC.        *
d/b/a Firestone Complete          *
Auto Care, *et al.*,              *
                                  *
     Defendants.                  *

## ORDER

This action is before the Court on Plaintiff Kimberly G. Harris's unopposed motions for trial by jury (Docs. 21, 22). The motions have been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration of all matters presented, and for the reasons set forth below, Plaintiff's motions are **GRANTED** to the extent they request that the Court order a jury trial pursuant to Federal Rule of Civil Procedure 39(b).

## I.    BACKGROUND

On February 24, 2026, Plaintiff Kimberly G. Harris commenced this action in state court by filing a complaint against Defendants Bridgestone Americas, Inc. d/b/a Firestone Complete Auto Care and Bridgestone Retail Operations, LLC. (Doc. 1 at 16-23). Plaintiff's complaint did not contain a demand for a jury trial.

(See id.).  However, on the cover sheet for the complaint filed in state court, Plaintiff's counsel checked a box indicating that a jury trial had been demanded.  (Id. at 15).  Plaintiff also paid the $100 jury-demand fee in state court.  (Doc. 22-3); see Ala. Code § 12-19-71(a)(13) (assessing an additional fee of $100 to be paid when a party makes a jury demand).

On April 1, 2026, Defendants filed a notice of removal of this action to federal court and filed an answer to Plaintiff's complaint, which did not include a jury demand.  (Docs. 1, 2).  On June 3, 2026, the parties filed a Rule 26(f) planning report, which referred to this case as a "jury action."  (Doc. 12 at 2).  However, in the Rule 16(b) scheduling order dated July 9, 2026, the Court set this case for a non-jury trial because: "Although the parties reference[d] a jury action in their joint Rule 26(f) report, neither Plaintiff's complaint nor Defendants' answer includes a jury demand."  (Doc. 20 at 1 & n.1).

On July 16, 2026, Plaintiff filed a motion requesting that the Court order this matter to be set for a jury trial pursuant to Federal Rule of Civil Procedure 39(b).  (Doc. 21).  In the motion, Plaintiff's counsel noted that he "had all intentions of requesting a jury trial in this matter," but "a request for a jury was omitted from the complaint by mistake."  (Id. at 1).  Plaintiff's counsel stated that he was unaware he had not requested a jury trial until

2

he received the Court's Rule 16(b) scheduling order setting this case for a non-jury trial.  (Id.).

The following day, Plaintiff filed an amended motion for a jury trial asserting that she had "incorrectly stated in her original motion that she had not requested a jury trial when in fact she had."  (Doc. 22).  Plaintiff noted that while she did not request a jury trial in her state court complaint, the cover sheet for the complaint filed in state court indicated that a jury trial was requested, Plaintiff paid the fee for a jury trial, and the state court set the case to be tried as a jury trial prior to its removal to federal court.  (Id. at 1).  Plaintiff asserted that she was "not required" to "demand a jury in the complaint" under Alabama Rule of Civil Procedure 38(b) and posited that she "clearly demanded a jury trial in state court which is evident by the state court setting this matter as a jury trial."  (Id. at 2).  Thus, Plaintiff requested that the Court amend its Rule 16(b) scheduling order to reflect that this case is to be tried by a jury.  (Id.). On July 21, 2026, Defendants filed a response stating that they "do not oppose Plaintiff's request regarding a jury trial in this matter."  (Doc. 24).

## II.  **DISCUSSION**

Federal Rule of Civil Procedure 38 governs the timing of jury demands in federal court and requires parties to make a written demand for a jury trial "no later than 14 days after the last

pleading directed to the issue is served."  Fed. R. Civ. P. 38(b).

"The last pleading in Rule 38 usually means an answer . . . ."

Matter of Texas Gen. Petroleum Corp., 52 F.3d 1330, 1339 (5th Cir.

1995).  Therefore, in a typical non-removed action, a party must

demand a jury trial within fourteen days of the answer.

In a removed case such as this one, however, Federal Rule of

Civil Procedure 81(c)(3) also applies and provides exceptions to

Rule 38's timeline.  See Fed. R. Civ. P. 81(c)(3).  Under Rule

81(c)(3)(A), "a party who, before removal, expressly demanded a

jury trial in accordance with state law need not renew the demand

after removal."  Goia v. CitiFinancial Auto, 499 F. App'x 930, 939

(11th Cir. 2012) (per curiam) (citing Fed. R. Civ. P.

81(c)(3)(A)).[1]  "Where the defendant does not answer the complaint

---

[1] The second sentence of Rule 81(c)(3)(A) states: "If the state
law *did not* require an express demand for a jury trial, a party
need not make one after removal unless the court orders the parties
to do so within a specified time."  Fed. R. Civ. P. 81(c)(3)(A)
(emphasis added).  Alabama law requires a party to demand a jury
trial in writing not later than thirty days after the service of
the last pleading directed to the issue, and failure to make a
timely demand for a jury is a waiver of the right to a jury trial.
Ala. R. Civ. P. 38(b) & (d).  "It is well recognized that where
the complaint and answer are the only pleadings directed to the
issues, the time for making a jury demand runs from the date of
service of the answer."  Poff v. Hayes, 763 So. 2d 234, 243 (Ala.
2000) (citation and internal quotation marks omitted).  Defendants
did not file an answer while this action was pending in state
court.  Therefore, the time for Plaintiff to make a jury demand
had not expired at the time Defendants removed this case.
Nevertheless, despite the rule's use of the past tense ("did not"),
courts have generally concluded that the second sentence of Rule
81(c)(3)(A) only applies when the applicable state law does not

4

before removal, the plaintiff may demand a jury trial within [fourteen] days of service of the answer." Wave House Belmont Park, LLC v. Travelers Prop. Cas. Co. of Am., 244 F.R.D. 608, 610 n.4 (S.D. Cal. 2007) (emphasis omitted); see Fed. R. Civ. P. 38(b).

"A party's failure to serve and file a jury demand in compliance with Rule 38(b) constitutes a waiver of the right to a jury trial." Thomas v. Home Depot USA, Inc., 661 F. App'x 575, 577 (11th Cir. 2016) (per curiam). "By motion, however, a party may be relieved from waiver arising from the failure to timely

---

require an express jury demand *at all*. See, e.g., Perrin v. Dillard's Inc., 2018 U.S. Dist. LEXIS 182612, at *2-3, 2018 WL 5281466, at *1 (S.D. Ill. Oct. 24, 2018) ("Rule 81(c)(3)(A) only applies to situations where (1) a party already filed a jury demand in state court, or (2) where the state does not require a written jury demand at all."); Kay Beer Distrib., Inc. v. Energy Brands, Inc., 2009 U.S. Dist. LEXIS 49792, at *7, 2009 WL 1705746, at *2 (E.D. Wis. June 12, 2009) (concluding that the second sentence of Rule 81(c)(3)(A) "has no application when, as in this case, the applicable state law requires an express demand, but the time for making the demand has not yet expired when the case is removed"); Sardinas v. United Airlines, Inc., 2019 U.S. Dist. LEXIS 75199, at *6, 2019 WL 1979322, at *2 ("The application of the second sentence of Rule 81(c)(3)(A) depends neither on the timing of the state court's jury demand requirements nor the stage of the state court proceedings; rather, the only question is whether the state court ever requires an express demand to preserve a party's jury trial right.") (collecting cases from the Ninth Circuit). Accordingly, the second sentence of Rule 81(c)(3)(A) does not apply in this case. Nor does Rule 81(c)(3)(B) apply, because Defendants did not file and serve an answer to Plaintiff's complaint prior to removal. See Fed. R. Civ. P. 81(c)(3)(B); Sardinas, 2019 U.S. Dist. LEXIS 75199, at *4, 2019 WL 1979322, at *2 ("[I]f state law requires an express jury demand and all the necessary pleadings have been served at the time of removal, a party must make the jury demand in federal court within 14 days of filing or service of a notice of removal.") (citing Fed. R. Civ. P. 81(c)(3)(B)).

make demand for jury trial." Sebastian v. Liberty Mut. Fire Ins. Cos., 2012 U.S. Dist. LEXIS 200761, at *2, 2012 WL 13027319, at *1 (N.D. Fla. Nov. 9, 2012). Federal Rule of Civil Procedure 39(b) provides that when a jury trial is not properly demanded, "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b).

Plaintiff suggests that the first sentence of Rule 81(c)(3)(A) applies because she "clearly demanded a jury trial in state court which is evident by the state court setting this matter as a jury trial." (Doc. 22 at 2). Plaintiff posits that by checking the box on the cover sheet indicating that a jury trial had been demanded and paying the $100 jury-demand fee, she expressly and properly demanded a jury trial in accordance with Alabama Rule of Civil Procedure 38(b). (Id. at 1). Plaintiff fails to acknowledge that the cover sheet specifically notes: "Checking 'Yes' does not constitute a demand for a jury trial. (See Rule 38 and 39, Ala.R.Civ.P, for procedure)." (See Doc. 1 at 15); see also Hollins v. Hoechst Celanese Corp., 134 F.R.D. 299, 300 (S.D. Ala. 1991) ("The clear weight of authority suggest that the cover sheet is intended only as an administrative aid and that checking the 'yes' box does not constitute a proper jury demand."). Nor does Plaintiff cite any support for the proposition that paying the $100 jury-demand fee constitutes a proper jury demand under Alabama law. See Ala. R. Civ. P. 38(b) (requiring a jury demand

6

to be in writing).  Accordingly, the Court finds that Plaintiff did not properly and expressly demand a jury trial in accordance with Alabama law prior to this action's removal.  Nor did Plaintiff demand a jury trial within fourteen days of the filing of Defendants' answer, which occurred after the case was removed to federal court.  Accordingly, Plaintiff waived her right to a jury trial.  See, e.g., PeoplesSouth Bank v. Farmer & Malone, P.A., 2012 U.S. Dist. LEXIS 78237, at *2-3, 2012 WL 2050119, at *1 (M.D. Ala. June 6, 2012) (finding waiver of right to jury trial when party failed to make a timely demand under Rule 38(b)).

However, the Court notes that Plaintiff alternatively seeks relief under Federal Rule of Civil Procedure 39(b), which provides that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."  Fed. R. Civ. P. 39(b). In the Eleventh Circuit, "the general rule governing belated jury requests under Rule 39(b) is that the trial court 'should grant a jury trial in the absence of strong and compelling reasons to the contrary.'"  Parrott v. Wilson, 707 F.2d 1262, 1267 (11th Cir. 1983) (quoting Swofford v. B & W, Inc., 336 F.2d 406, 408 (5th Cir. 1964)).  Although district courts have broad discretion in applying Rule 39(b), the Eleventh Circuit has provided five factors to consider when doing so: "(1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of

7

the adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial." Id.

Here, a consideration of these factors strongly favors granting Plaintiff's request for a jury trial. This case involves fact-intensive issues that are best determined by a jury. Neither Defendants' nor the Court's schedule will be disrupted by a jury trial, and Defendants will suffer no prejudice if this case is set for a jury trial. Indeed, it appears that before the Rule 16(b) scheduling order was entered on July 9, 2026, the parties were proceeding under the assumption that this action would be set for a jury trial, and Defendants have expressly stated that they do not oppose Plaintiff's request for a jury trial in this matter. (See Docs. 12, 24). Moreover, Plaintiff's request is made at a relatively early stage of the proceedings and is thus unlikely to disrupt the Court's schedule or the litigation of the case. Even assuming *arguendo* that the fifth factor may militate somewhat in the other direction, a balancing of the Parrott factors strongly weighs in favor of granting Plaintiff's unopposed request for a jury trial.

Accordingly, for the reasons stated above, Plaintiff's motions for a trial by jury (Docs. 21, 22) are **GRANTED** to the extent they request that the Court order a jury trial pursuant to

Federal Rule of Civil Procedure 39(b).  The Court will separately enter an amended Rule 16(b) scheduling order setting this action for a jury trial.

ORDERED this **23rd** day of **July, 2026.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**